UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>            Plaintiff,<br>    v.<br><br>BRIAN BARTHOLOMEW and ANGELIQUE BARTHOLOMEW, husband and wife,<br><br>            Defendants. | Case No. 4:12-cv-00216-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is Plaintiff's Motion for Protective Order (Dkt. 41) Prohibiting Deposition of Ryan D. Nelson.  The Court ordered an accelerated briefing schedule, with which the parties have complied.  Having thoroughly reviewed the pleadings and being familiar with the record, the Court will grant the Motion as more fully expressed below.

## BACKGROUND

  Plaintiff Melaleuca is a direct sales company for whom Defendants, the Bartholomews, worked as independent Marketing Executives.  The Bartholomews left Melaleuca in April 2012 to join the marketing company Independence Energy Alliance. Melaleuca filed this action in state court alleging that the Bartholomews violated their

non-solicitation agreement with Melaleuca, known as Policy 20.  The Bartholomews removed the matter to this Court in May 2012; Melaleuca's Motion to Remand has been denied.  *Mem. Dec. & Ord.*, Dkt. 40.  The Court granted Melaleuca's Motion for Temporary Restraining Order (Dkt. 8) on May 14, 2012, limiting who the Bartholomews may recruit for their new business venture, pending resolution of this action.  *Order on TRO*, Dkt. 13.

The Bartholomews served Notices of Rule 30(b)(6) Deposition on Melaleuca regarding Policy 20.  Later, the Bartholomews served Notices of Deposition for Ryan D. Nelson – Melaleuca's General Counsel and counsel of record here, and Frank VanderSloot – Melaleuca's Chief Executive Officer.  Mr. VanderSloot has since been deposed as Melaleuca's designated 30(b)(6) representative.  Through this motion, Melaleuca seeks to prohibit the Bartholomews from deposing Mr. Nelson.

## DISCUSSION

The U.S. Supreme Court has held that discovery of facts possessed by an attorney is proper where the facts are relevant, non-privileged, and essential to preparation of one's case. *Hickman v. Taylor,* 329 U.S. 495, 511 (1947).  Citing *Hickman*, the Eighth Circuit Court of Appeals held that, where a party seeks to depose opposing counsel, it must prove that the information sought (1) cannot be obtained by other means; (2) is relevant and is not protected by privilege or the work-product doctrine; and (3) is crucial to preparation of its case. *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327-28 (8th Cir. 1986). In *Hickman*, the plaintiffs argued that the information sought from their in-house

counsel was protected under the work-product doctrine and the attorney-client privilege. *Id.* at 1326. The court agreed that it was protected under the work-product doctrine, and therefore decided the issue without having to address whether the attorney-client privilege applied. *Id.* at 1329.

In general, the Ninth Circuit has held that blanket assertions of privilege are extremely disfavored. *U.S. v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002). Also, where a party challenges discovery of information from counsel based on privilege, that party has the burden of establishing the relationship and privileged nature of the communication. *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). However, district courts in the Ninth Circuit have agreed that "attorney depositions should be allowed only where the discovery sought cannot be obtained from another source," and noted that *Shelton* is "regarded as the leading case on attorney depositions." *See e.g.,Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998). *Id*.

Although the Ninth Circuit has not specifically addressed the issue, the Court agrees with the other district courts in the Ninth Circuit, and finds that the *Shelton* test and its reasoning are sound. The strong presumption against a blanket assertion of privilege, while normally appropriate and necessary, must be abandoned where a party seeks to depose trial counsel. Therefore, because the Bartholomews seek to depose one of Melaleuca's trial counsel, the Court will apply *Shelton*. Under *Shelton*, the Bartholomews must show that the information sought (1) cannot be obtained through

other means; (2) is relevant and not covered by privilege or the work-product doctrine; and (3) is necessary in preparing their case. *Shelton*, 805 F.2d at 1327-28.

As to the first element, the Bartholomews state that they seek Mr. Nelson's "thoughts and impressions" as to Policy 20 because he gave a brief presentation to third-party marketing executives in August 2010. On its face, this seems to satisfy the first element because only Mr. Nelson can speak to his own thoughts and impressions. However, the Bartholomews imply that Mr. Nelson is in a position to speak more generally about Policy 20 because of their belief that he holds a position on Melaleuca's Senior Management Team. *Ellsworth Dec.*, Dkt. 44-1 ¶ 4. To the extent the Bartholomews wish to depose Mr. Nelson about Policy 20, apart from his subjective thoughts, they must show that they cannot obtain the information through other means. The discovery deadline is March 29, 2013, *Case Mgt. Ord.* (Dkt. 22), suggesting that much discovery remains to be completed. The Court finds that, at this stage, the Bartholomews have failed to establish that the information sought from Mr. Nelson about the reasons for adopting Policy 20 cannot be obtained through other discovery, particularly since they were able to depose Melaleuca's CEO. Thus, the Bartholomews have met element one only as to Mr. Nelson's thoughts and impressions.

As to the remaining elements of the *Shelton* test, if the discovery sought is limited to Mr. Nelson's thoughts and impressions, it is difficult to see how such information is relevant, and even more difficult to see how it would be crucial to the Bartholomews' case. The Court previously held that the non-solicitation agreement in Policy 20 "is only

MEMORANDUM DECISION & ORDER - 4

enforceable to the extent it is reasonable in duration, geographical area, type of employment or line of business, and does not impose a greater restraint than is reasonably necessary to protect the employer's legitimate business interests." *Order on TRO*, Dkt. 13 at 8.  Thus, the reasonableness of Policy 20 is at issue.  However, this inquiry is an objective one.  Nothing in the Idaho statute governing the enforceability of restrictive covenants, I.C. § 44-2701, suggests that the subjective intent or motive of the party requiring a restrictive covenant is relevant in determining the reasonableness of the covenant.  Accordingly, Mr. Nelson's subjective beliefs concerning Policy 20, regardless of any management role he may have with Melaleuca, are immaterial. Furthermore, to the extent that the subjective intent or motive of Melaleuca is relevant, Mr. VanderSloot, as its 30(b)(6) representative, CEO and "architect of Policy 20," is in the best position to identify Melaleuca's intent.

Moreover, removing Mr. Nelson's subjective beliefs and any general information about Policy 20, the remaining areas of questioning appear to concern Mr. Nelson's communications to Mr. VanderSloot or other key decision-makers at Melaleuca.  Although perhaps not work-product – rendered in anticipation of litigation – these communications would almost certainly be protected by the attorney-client privilege.

Thus, the Court can conceive of no topic for Mr. Nelson's deposition that would be relevant, non-privileged, and necessary in preparing their case.  *Shelton*, 805 F.2d at 1327-28; *see also Massachusetts Mut. Life Ins. Co. v. Cerf*, 177 F.R.D. at 479.

Accordingly, the Court will grant Melaleuca's Motion and prohibit Mr. Nelson's deposition.

## ORDER

**IT IS HEREBY ORDERED THAT:** Plaintiff's Motion for Protective Order (Dkt. 41) Prohibiting Deposition of Ryan D. Nelson is **GRANTED**.

DATED: August 16, 2012

B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION & ORDER - 6