UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA INC., an Idaho corporation,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>BRIAN BARTHOLOMEW and ANGELIQUE BARTHOLOMEW, husband and wife<br><br>　　　　　　　Defendant. | Case No. 4:12-cv-00216-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Leave to File Over-Length Combined Response to Defendants' Motion for Summary Judgment and Memorandum in Support of Motion for Reconsideration (Dkt. 67).

## BACKGROUND

This case commenced with a rushed decision on a motion for temporary restraining order. In the Court's Memorandum Decision and Order granting that motion, the Court explained that its findings were not final. The Court indicated that it would be receptive to a motion to reconsider by either party, with the understanding that the Court would expect more thorough briefs and more time to address any such motion. Dkt. 13.

On July 13, 2012 the parties filed a stipulation agreeing that either party could file a motion for reconsideration, summary judgment or modification of the preliminary

injunction on or before August 27, 2012. Dkt. 38. The Court adopted the stipulation on July 16. Dkt. 39. Days before the August 27 deadline, the parties filed another stipulation, staying the case for the purpose of settlement discussions. Dkt. 51. The stipulation stated that unless the parties reached a settlement, litigation would resume after September 28, 2012, and "any motions for reconsideration or for summary judgment that either party may file as allowed under the Court's July 16, 2012 Order may be filed on or before October 15, 2012. Dkt. 51. The Court adopted that stipulation as well. Dkt. 52.

On October 5, 2012 Melaleuca filed with the Court a status report stating that it did "not intend to file a motion for reconsideration of this Court's preliminary injunction because the Bartholomews have testified under oath that they do not intend to recruit any Melaleuca Marketing Executives, including their Melaleuca personal enrollees, during the pendency of this case." Dkt. 54. Melaleuca also indicated its intent to "defer any such reconsideration for summary judgment after a full and complete record in this case." Dkt. 54.

On October 15, 2012, the Bartholomews filed a motion for summary judgment in accordance with the parties' latest stipulation. On November 5, 2012, Melaleuca filed its response to the motion for summary judgment and a motion for reconsideration. It also filed one 33-page brief opposing the Bartholomews' motion for summary judgment and supporting its own motion for reconsideration. Melaleuca simultaneously filed a motion for leave to file the overlength brief, which is the matter now before the Court.

## ANALYSIS

Melaleuca interprets the parties' stipulation that "any motions for reconsideration . . . that either party may file as allowed under this Court's July 16, 2012 Order may be filed on or before October 15, 2012" as "expressly permit[ing] motions for reconsideration . . . to be filed on or before October 15, 2012, but . . . not preclude[ing] a filing after that date. . . ." *Plf's Reply In Support of Motion to File Overlength Brief*, p.5, Dkt. 76. Melaleuca suggests that reading the stipulation to preclude filing after October 15 "would make no sense." *Id.* The Court disagrees. What makes no sense is a stipulation that allows the parties to file motions for reconsideration before, on, or after October 15, 2012. What is the point of setting the October 15, 2012 date for the filing of motions for reconsideration, if such motions could be filed before, on or after that date?

The parties had earlier stipulated that any motions for reconsideration or motions for summary judgment may be filed on or before August 27, 2012. Dkt. 38. They also specifically stipulated that any "such motion for *summary judgment* shall not preclude the filing party from filing a subsequent motion for *summary judgment* in the case pursuant to the rules or order of the Court." Dkt. 38. But they said nothing about allowing subsequent motions for *reconsideration*. This suggests the parties interpreted their stipulation to mean that August 27 was the *deadline* for filing any motion for reconsideration on the preliminary injunction.

That deadline was simply moved to October 15 pursuant to the second stipulation. Just days before the August 27 deadline, the parties agreed to stay the case through September 28 pending settlement negotiations, which of course prevented either party

from filing a motion on or before August 27. The stipulation indicated that if settlement negotiations failed litigation would immediately resume after September 28, and also set a new deadline of October 15 for filing both motions for summary judgment and motions for reconsideration. Reading the stipulations together, the only reasonable interpretation is that the parties intended October 15 to be the *deadline* for filing motions for reconsideration. There is no other reason to include October 15 in the stipulation. This interpretation is further supported by Melaleuca's October 5 status report stating that it intended to "defer any such reconsideration for summary judgment after a full and complete record in this case." Dkt. 54. Accordingly, the Court finds that the parties stipulated that October 15, 2012 would be the deadline for filing motions to reconsider the preliminary injunction. Thus, Melaleuca's motion was not timely under the parties' stipulation.

However, the Court's primary concern here is to ensure that the case is properly decided on the merits. When the Court issued its preliminary injunction, it made clear that the injunction was just that – preliminary and not final. The Court anticipated that the issue of injunctive relief may need to be revisited and so indicated in its decision. Thus, it makes some sense to address Melaleuca's arguments in its motion for reconsideration now.

Accordingly, the Court will allow Melaleuca's overlength brief, but will give the Bartholomews the last word. The Bartholomews will be allowed to file one 30-page brief which replies to Melaleuca's brief opposing summary judgment, and responds to

Melaleuca's motion for reconsideration. It will be due on or before November 29, 2012. Melaleuca may file a 10-page reply/surreply addressing both motions on or before December 13, 2012. The Bartholomews may then file a 10-page surreply addressing both motions on or before December 21, 2012. The Court would limit the replies and surreplies to only one motion, but the Court has little faith that the parties would be able to keep the issues separate at this point. To accommodate this additional briefing, oral argument will be moved from December 13, 2012 to January 4, 2013 at 11:00 a.m. in the Federal Courthouse in Pocatello, Idaho.

      The Court believes this is the best approach given the posture of the case. However, in the future counsel should meet and confer about reasonable briefing schedules and page limits when dealing with multiple motions or cross motions. The parties should also discuss these matters with the Court's staff. Our collective goal should be to forego costly and excessive motion practice relating to the number of pages and briefs the parties may file.

      Finally, the Court would remind the parties that, although they have been given additional briefing beyond that contemplated by the local rules, nothing requires them to file briefs of the permitted length. Overlength briefs generally are not the most persuasive. Ninth Circuit Chief Judge Kozinski has cautioned attorneys that asking for and writing extra-length briefs is a good indicator that "you don't have an argument capable of being presented in a simple, direct, persuasive fashion." Alex Kozinski, <u>The Wrong Stuff</u>, 1992 B.Y.U. L. Rev. 325. And as the French poet Francois Fenelon

explained, "the more you say, the less people remember. The fewer the words, the greater the profit."

## ORDER

IT IS ORDERED THAT:

1. Plaintiff's Motion for Leave to File Over-Length Combined Response to Defendants' Motion for Summary Judgment and Memorandum in Support of Motion for Reconsideration (Dkt. 67) is **GRANTED**.

2. The Bartholomews may file one 30-page brief replying to its motion for summary judgment and responding to Melaleuca's motion for reconsideration on or before November 29, 2012. Melaleuca may file a 10-page reply/surreply addressing both motions on or before December 13, 2012. The Bartholomews may then file a 10-page surreply addressing both motions on or before December 21, 2012.

3. Oral argument currently scheduled for December 13, 2012 shall be VACATED and moved to January 4, 2013 at 11:00 a.m. in the Federal Courthouse in Pocatello, Idaho.

DATED: November 19, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court

MEMORANDUM DECISION AND ORDER - 6