UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELALEUCA INC., an Idaho corporation,<br><br>               Plaintiff,<br>   v.<br><br>BRIAN BARTHOLOMEW and ANGELIQUE BARTHOLOMEW, husband and wife<br><br>               Defendant. | Case No. 4:12-cv-00216-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion to Seal (Dkt. 43). For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

Historically, courts have recognized the public's general right to inspect, review, and copy public records and documents. This includes judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (Internal citation omitted). Access to judicial records is not absolute though. *Id.* Records traditionally kept secret for important policy reasons, such as grand jury transcripts and warrants, have not always been subject to the right of public access. *Id.* For almost all other documents, a strong presumption of access is the starting point. *Id.*

Therefore, a party seeking to seal a judicial record bears the burden of overcoming the presumption by showing compelling reasons why material should be sealed. *Id.* The party must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (Internal quotations and citations omitted). The Court must not base its decision whether to seal documents on hypothesis or conjecture. *Id.* at 1179.

Generally, compelling reasons "exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (Internal quotation and citation omitted). The mere fact that the production of documents may embarrass, incriminate or create further litigation for a party is not enough to compel a court to seal the documents. *Id.*

The strong presumption of public access to judicial documents applies fully to dispositive pleadings because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002). The public does not have the same need for access to court records attached to non-dispositive motions because those records are often only tangentially related to the underlying suit. *Id.* If a district court

grants a protective order to seal documents during discovery, the Court has already determined that good cause exists to protect the documents from being disclosed to the public by balancing the needs for discovery against the need for confidentiality. *Id.* at 1180. Applying a strong presumption of access to already sealed records only indirectly relevant to the merits of the case eviscerates the district court's broad power to fashion protective orders. *Id.* (Internal citation omitted).

Thus, judicial records attached to dispositive motions are treated differently from records attached to non-dispositive motions. "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy. A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Id.* (Internal quotations and citation omitted).

The difference between the two standards is real. A good cause showing does not satisfy the compelling reasons test. *Id.* Different interests are at stake. Unlike during discovery, the public is entitled to access to judicial records almost by default. *Id.* "This fact sharply tips the balance in favor of production when a document, formerly sealed for good cause under Rule 26(c), becomes part of a judicial record." *Id.* Accordingly, the good cause showing alone will not fulfill the compelling reasons standard which a party must meet to rebut the presumption of access to dispositive pleadings. *Id.*

In this case, the document at issue was attached to a reply brief in support of Melaleuca's motion for preliminary injunction. A motion for preliminary injunction is not

the quintessential dispositive motion, but it also is not a simple discovery motion. As recently explained by another district court in the Ninth Circuit, motions for preliminary injunction "go to the merits of the case and are not merely tangentially related to the cause of action." *FTC v. AMG Services, Inc.*, 2012 WL 3562027, *1 (D.Nev. 2012). Therefore, that court determined that motions for preliminary injunction should be treated as dispositive motions when considering whether to seal attached documents.

The Ninth Circuit has not addressed whether motions for preliminary injunction should be treated as dispositive for purposes of sealing documents, and the district courts in this circuit reveal some disagreement. [1] However, the better reasoned analysis suggests they should be treated as dispositive. The Ninth Circuit has stressed the "strong presumption of access to judicial records and the value to public understanding of the judicial process gained from general access to court records." *Selling Source, LLC v. Red River Ventures, LLC,* 2011 WL 1630338, *5 (D.Nev. 2011) (Citing *Kamakana*, 447 F.3d

---

[1] The Nevada Court cited many other courts which treat motions for preliminary injunction as dispositive motions, plus a few that disagreed. *See, e.g., Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338 at *5 (D.Nev. April 29, 2011) ("The Court finds that requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records."); *B2B CFO Partners, LLC v. Kaufman*, 2010 WL 2104257 (D.Ariz. May 25, 2010) (using the standard for a dispositive motion and holding that the party "must show compelling reasons to file under seal" in determining whether to lodge a preliminary injunction under seal); *Dish Network LLC v. Sonicview USA, Inc.*, 2009 WL 2224596 (S.D.Cal. Jul. 23, 2009) (holding that a motion for a temporary restraining order and seizure was a dispositive motion for purposes of sealing court records); *Yountville Investors, LLC v. Bank of America, N.A.*, 2009 WL 411089 at *2 (W.D.Wash. Feb.17, 2009) ("A motion for a preliminary injunction is treated as a dispositive motion under these rules."); *but see In re Nat'l Sec. Agency Telecomm. Records Litig.*, 2007 WL 549854 at *3 (N.D.Cal. Feb.20, 2007) (finding that a preliminary injunction is a non-dispositive motion but noting that the seal was appropriate in part because only some information had been redacted, while other information had been released); *Reilly v. MediaNews Group Inc.*, 2007 WL 196682, at * 12 (N.D.Cal. Jan.24, 2007) (applying the "good cause" standard in connection with documents attached to a temporary restraining order).

at 1179). Injunctive relief proceedings "involve significant discussion of the merits of the case and provide the public an insight into how the court evaluates the merits of the action." *Id.* (Citing *Dish Network L.L.C. v. Sonicview USA, Inc.,* 2009 WL 2224596, *6 (S.D.Cal. 2009)). Motions for preliminary injunction are also treated as dispositive in other contexts, such as when determining whether a Magistrate Judge may decide them without consent of the parties. *Id.*; *see also* 28 U.S.C. § 636(b)(1). Accordingly, the Court will apply the compelling reasons standard to the motion to seal the document.

Finally, Melaleuca's suggestion that *Phillips* somehow creates a lesser standard because the Court has entered a protective order in this case is unpersuasive. In *Phillips*, the Ninth Circuit indicated that the subject information could be distributed to the newspapers seeking it if, after conducting a good cause analysis, the district court determined that a protective order was not appropriate. *Id*. at 2012. But if the court determined that good cause did exist to protect the information, then the court had to determine whether the newspaper had a right to the information under the common law right of access, which is a separate and independent basis for obtaining information. *Id*. In that situation, because good cause had already been determined, when the party attached a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access was rebutted, and the party seeking disclosure had to present sufficiently compelling reasons why the sealed discovery document should be released. *Id.* at 2013.

Here, although the Court has entered a Protective Order, the order did not specifically deem the transcript confidential. It was a general protective order agreed to by the parties which, among other things, describes the process for deeming material confidential. Moreover, the compelling reasons standard applies "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

## ANALYSIS

As noted above, a party seeking to maintain the secrecy of a document attached to a dispositive motion must meet a high threshold of showing that compelling reasons support secrecy. *Kamakana*, 447 F.3d at 1180. Here, the document at issue is a transcript of a presentation by Melaleuca's CEO and General Counsel to its employees about Policy 20 of Melaleuca's Statement of Policies. Policy 20 is the very policy Melaleuca sought to enforce with its motion for preliminary injunction, and the very policy at the heart of the breach of contract claim.

Melaleuca does not argue that the transcript reveals trade secrets or other information which may be a vehicle for improper use. Instead, Melaleuca generally contends that the transcript meets the compelling interest standard because it is a transcript of a presentation given by Melaleuca's CEO and General Counsel to high level employees about internal policies, strategies, and litigation practices.

The transcript does not contain litigation strategies, other than to state that Melaleuca will enforce Policy 20, which is nothing more than what one would assume to

be the case. The transcript likewise does not contain information about internal policies and strategies. Melaleuca's CEO and General Counsel simply explain Policy 20, indicate that Melaleuca will enforce the policy through litigation, and give examples where Melaleuca has sued individuals to enforce the policy. None of this information meets the high threshold for finding compelling reasons to seal the transcript. Accordingly, the Court will deny the motion.

## ORDER

**IT IS ORDERED THAT:**

1. Plaintiff's Motion to Seal (Dkt. 43) is **DENIED**.

DATED: November 27, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court